IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMALA COCHRELL,<br><br>Plaintiff,<br><br>vs.<br><br>BENTWOOD HEALTHCARE, LLC,<br>d/b/a BENTWOOD NURSING and REHAB,<br>a Missouri limited liability company,<br><br>Defendant. | **JURY TRIAL DEMANDED**<br><br>Case No.: |

## COMPLAINT

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended, for relief for unlawful employment practices committed by the Defendant against the Plaintiff, Tamala Cochrell, because of her race, black American, and in retaliation for engaging in statutorily protected activity, including filing a charge of discrimination and complaining about unlawful discrimination. For her cause of action Plaintiff states as follows:

## JURISDICTION

1. Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended (Title VII). Jurisdiction of this action is conferred on the court by by 42 U.S.C. § 2000e-5 (f), and 28 U.S.C. § § 1331 and 1343 (a)(4).

2. Plaintiff filed a timely complaint of employment discrimination with the Equal Employment Opportunity Commission, St. Louis District Office, and the Missouri Human

Rights Commission on November 10, 2020 alleging discrimination based on her race – black American -- and retaliation. This action was commenced within ninety (90) days of Plaintiff's receipt of a notice of right to sue from the Equal Employment Opportunity Commission. Plaintiff has, accordingly, satisfied the jurisdictional requirements of Title VII and all conditions precedent to the institution of this action have been fulfilled.

## PARTIES

3. Plaintiff is a black American female citizen of the United States and the State of Missouri. The acts complained of herein occurred within the Eastern District of Missouri.

4. Defendant Bentwood Healthcare, LLC, d/b/a Bentwood Nursing and Rehab Center, is a limited liability company organized pursuant to the laws of the State of Missouri, and authorized to do business in, and does business within the state of Missouri.

5. Defendant is engaged in the business of providing rehabilitation, skilled nursing, long-term care, assisted living and independent living centers in Missouri and other states. Defendant operates and conducts business at 1501 Charbonier Road, Florissant, Missouri, and has been providing rehabilitation and long-term care for more than twenty (20) years at this location in North St. Louis County.

6. At all times herein pertinent Defendant and was and is now an employer as defined in § 701 (b) of Title VII, 42 U.S.C. § 2000e (b) and has, and is now engaged in commerce and in an industry affecting interstate commerce with the meaning of Title VII.

7. Plaintiff was employed by Defendant beginning in 2008 in the position of Certified Activities Supervisor.

8. At all times herein pertinent Plaintiff reported to David Andrew, Defendant's Administrator.

## UNLAWFUL DISCHARGE AND RETALIATION

9. On or about May 13, 2020, Plaintiff upon reporting for duty at Defendant's facility at 1501 Charbonier Road, completed a "wellness sheet" in compliance with Defendant's mandatory COVID-19 protocol in effect at the time. Plaintiff indicated that she did not have a cough, fever, shortness of breath or any other symptoms associated with COVID-19. Plaintiff's temperature, which was taken by Defendant, was normal.

10. Later during the day of May 13, 2020, while at a meeting with Defendant's Administrator Andrew, Plaintiff coughed while sipping coffee. Plaintiff's cough was not repeated and she did not have a coughing spell.

11. Following said meeting Andrew summoned Plaintiff into his office and accused Plaintiff of falsifying the wellness sheet.

12. In response, Plaintiff stated she was not, in fact, coughing at or near the time she completed the wellness sheet and did not have a cough, fever, shortness of breath or other symptoms commonly associated with COVID-19.

13. Whereupon, Administrator Andrew directed Plaintiff to submit to COVID-19 screening immediately. Plaintiff complied, and Defendant conducted the screening immediately thereafter at its facility by means of a nose swab. Following the screening Defendant directed Plaintiff to leave its facility for the balance of the shift.

14. Plaintiff complied and left Defendant's facility. Defendant told Plaintiff that the results of the COVID-19 screening would be available with two days, at which time

Defendant would notify Plaintiff about returning to work

15. On or about the following day, May 14, 2020, Defendant notified Plaintiff in a telephone call of discharge, stating that Plaintiff reported to work and failed to report that she had a cough.

16. The accusation that Plaintiff failed to report that she had a cough was, in fact, false.

17. Later on the day of May 14, 2020, following notice of discharge, Plaintiff contacted the laboratory who conducted the screening of Plaintiff's nose swab -- Gamma Health Care Laboratories. Gamma informed Plaintiff that it had not yet received the specimen taken by Defendant by nose swab.

18. Thereafter, upon Plaintiff's request, Gamma Health Care Laboratories provided Plaintiff with its lab report of the result of Plaintiff' COVID-19 screening. The result was negative.

19. Defendant's accusation that Plaintiff made a false statement on its wellness sheet when she reported for duty had no factual basis, was false. Plaintiff's discharge was a pretext for discrimination against Plaintiff because of her race and in retaliation for Plaintiff previously complaining about Administrator Andrew's verbal harassment of Plaintiff on account of her race, and then filing a charge of discrimination regarding the verbal harassment and also retaliatory reduction in hours and compensation.

20. As a direct and proximate result of Defendant's aforementioned unlawful acts, Plaintiff has suffered harm and damage, including but not limited to, loss of earnings and other benefits and privileges, and emotional distress, humiliation, and mental anguish.

21. Plaintiff has incurred and continues to incur attorney fees and costs in connection with this matter.

22. Defendant's acts were willful and malicious, and reflect a wanton disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages.

WHEREFORE, Plaintiff prays:

(1) For a finding that Defendant has discriminated against Plaintiff in violation of her rights as alleged herein;

(2) For a permanent injunction restraining and enjoining Defendant, its employees, agents and representatives from discriminating against Plaintiff as alleged herein;

(3) For a judgment against Defendant for Plaintiff's loss of earnings (back pay) she has suffered as a result Defendant's conduct;

(4) For an order directing Defendant to reinstate Plaintiff to her former or a substantially similar position at the appropriate compensation at the rate of pay Plaintiff would be earning but for Defendant's unlawful discrimination;

(5) For an award of compensatory damages to compensate Plaintiff for emotional distress and suffering, and mental anguish to which Defendant has subjected Plaintiff;

(6) For an award to Plaintiff of punitive damages in an amount to be determined at trial to properly penalize Defendant for its misconduct and to deter such wrongdoing in the future;

(7) For an award to Plaintiff of all costs and expenses incurred in this action and attorney fees; and,

(8) For any other relief that this Court may deem just and proper.

(9) A TRIAL BY JURY IS DEMANDED.

*/s/ Melvin L. Raymond*
Melvin L. Raymond USDC #28349MO
4387 Laclede Ave.
St. Louis, Missouri 63108
Telephone: (314) 534-2800
E-mail: mraymondattorney@sbcglobal.net

Attorney for Plaintiff