#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### EASTERN DIVISION

| | |
|---|---|
| TAMALE COCHRELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21CV1277 RLW |
| BENTWOOD HEALTHCARE, LLC, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 7). This matter is fully briefed and ready for disposition. The Court will grant Defendant's Motion to Dismiss Plaintiff's Complaint because Plaintiff Tamala Cochrell ("Cochrell") improperly split her cause of action.

### BACKGROUND

On or around May 13, 2019, Cochrell filed a Charge of Discrimination with the Equal Employment Opportunity Commission, St. Louis District Office, and the Missouri Commission on Human Rights, alleging unlawful discriminatory practices based on race, retaliation, and religion. (ECF No. 8-1, ¶ 1). On February 7, 2020, Cochrell filed a lawsuit in St. Louis County Circuit Court, State of Missouri, alleging claims under the Missouri Human Right Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq*. (ECF No. 8-1, *Cochrell v. Midwest Geriatric Management, LLC d/b/a MGM Healthcare/Bent-wood Nursing and Rehab Center*, 20 SL-CC743 ("state court litigation")). In the state court litigation, Cochrell brought a claim for unlawful harassment (Count I), based upon Defendant's administrator calling Cochrell "Jezebel" on

1

March 29, 2019, and other "demeaning, offensive statements reflecting racial stereotyping to other black individuals employed at Bent-wood, but not to white individuals so employed, thereby subjecting other black employees to unlawful verbal harassment." (ECF 8-1, ¶ 15). Cochrell also alleged a claim for Unlawful Retaliation (Count II). Cochrell alleges that she complained to an administrator, Mr. Andrew, and to Human Resources representative Rachel Carosone after "the March 29, 2019 [meeting] regarding Andrew's 'verbal harassment of her'" but neither administrator took any corrective action. (ECF No. 8-1, ¶ 18). On or around April 23, 2019, Andrew issued a written warning letter that Cochrell would be terminated if she continued to complain about his harassing conduct towards her. (ECF No. 8-1, ¶ 19). Cochrell alleges that, beginning April 2019, Defendant reduced Cochrell's hours by one-half hour per shift (from 8 hours to 7.5 hours per shift), thereby reducing her compensation, in retaliation for Cochrell's complaints. (ECF No. 8-1, ¶ 20).

On May 13, 2020, Cochrell reported for duty and completed a "wellness sheet" in compliance with Defendant's then-mandatory COVID-19 protocol. (ECF No. 1, ¶ 9). Cochrell reported that she did not have a cough, fever, shortness of breath or any other symptoms associated with COVID-19. (*Id*.) Cochrell's temperature was normal. (*Id*.) Later that day, Cochrell coughed during a meeting. (*Id*., ¶ 10). Andrew summoned Cochrell into his office and accused her of falsifying her wellness sheet. (*Id*., ¶ 11). Cochrell denied being ill while completing her wellness sheet, but submitted to a COVID-19 screening per Andrew's request. (*Id*., ¶¶ 12-13). Andrew ordered Cochrell to leave, pending the results of her COVID-19 test. (*Id*., ¶14). On or around May 14, 2020, a representative of Defendant telephoned Cochrell and terminated her for failure to report her cough. (*Id*., ¶ 15). On May 14, 2020, Cochrell contacted Gamma Health Care Laboratories, which informed Cochrell that it had not received her COVID-

19 test.  (*Id*., ¶ 17).  Thereafter, Cochrell was informed that her COVID-19 test was negative. (*Id*., ¶ 18).

On October 25, 2021, Cochrell filed a lawsuit in federal court, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq*.  Cochrell claims that she was discharged because of her race (black) and in retaliation for engaging in statutorily protected activity, *i.e*., filing a charge of discrimination and complaining to Bentwood's Administrator regarding allegedly unlawful discrimination.

## DISCUSSION

Under Missouri law, "[i]mproper splitting of claims occurs when a party sues on a claim which arises out of the same 'act, contract or transaction' as the previously litigated claims." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. 2008) (*quoting King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991)).  "The rule against splitting a claim for relief serves to prevent a multiplicity of suits and appeals with respect to a single cause of action, and is designed to protect defendants against fragmented litigation, which is vexatious and costly." *Id.* (internal citations omitted); *Kovach v. MFA, Inc.*, 519 F. Supp. 3d 570, 573–74 (W.D. Mo. 2020).

"The question of what constitutes a 'single cause of action,' for purposes of the rule against splitting a cause of action, is sometimes fraught with difficulty."  *Collins v. Burg*, 996 S.W.2d 512, 515 (Mo. Ct. App. 1999)(citing 1A C.J.S. *Actions,* section 179(b) (1985); *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7, 10 (Mo. 1948)). Rather, what constitutes a single cause of action depends upon the facts and circumstances of the particular case. *Szombathy v. Merz,* 347 Mo. 776, 148 S.W.2d 1028, 1031 (Mo.1941); *Stoops v. Stoops,* 363 Mo. 1075, 256 S.W.2d 799,

801 (Mo.1953); *Eugene Alper,* 655 S.W.2d at 135. Generally, "the test for determining whether a cause of action is single and cannot be split is: (1) whether the separate actions brought arise out of the same act, contract or transaction; (2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." *Collins*, 996 S.W.2d at 515 (citing *Burke v. Doerflinger,* 663 S.W.2d at 407; *Stoops v. Stoops,* 256 S.W.2d at 801; *Grue v. Hensley,* 210 S.W.2d at 10)). Thus, court have given the term "cause of action" is given a fairly broad meaning. *Grue* at 10. Likewise, "the word 'transaction' is given an even broader meaning, being defined as the aggregate of all the facts and circumstances which constitute the foundation for a claim or counterclaim." *Collins*, 996 S.W.2d at 515 (citing *Grue* at 10).

In its Motion to Dismiss, Defendant argues that Cochrell's case in federal court should be dismissed for claim splitting. Defendant argues that Cochrell's earlier-filed state court litigation is based upon the same employment and alleged discriminatory and retaliatory conduct.

In opposition to Defendant's Motion to Dismiss, Cochrell argues that she has not split her cause of action, but that her state and federal lawsuits are separate and distinct. (ECF No. 13 at 2-3). Cochrell asserts that the state court litigation alleged unlawful harassment, threats of discharge, and a retaliatory discharge in pay. (ECF No. 13 at 2). Conversely, Cochrell maintains that her federal lawsuit alleges unlawful discharge, which is a "'new ultimate fact' yet to occur at the time Cochrell filed the state court lawsuit that establishes a 'new claim for relief' that did not exist when the lawsuit was filed." (ECF No. 13 at 4). Cochrell contends that she has not split her causes of action "because the factual basis for the claim in the federal lawsuit, rather than the legal theory (discrimination and retaliation) is separate and distinct than the underlying facts in the prior state court lawsuit." (ECF No. 12 at 4).

Cochrell further argues that there must be a prior final judgment in the first-filed lawsuit for application of the claim splitting defense.  (ECF No. 13 at 4-5). Cochrell states that the Missouri Supreme Court has found that "a prior judgment on the merits is an essential element to establish the affirmative defense of claim splitting."  (ECF 13 at 5 (citing *King Gen. Contractors, Inc.*, 821 S.W.2d at 501)).  Cochrell maintains that this Court is bound by the Missouri Supreme Court's decision in *King Gen. Contractors, Inc.*  (ECF No. 13 at 5-6 (citing *Packard v. Darveau*, 759 F.3d 897, 901 (8th Cir. 2014) (when deciding state law issue, the Eighth Circuit is bound in its interpretations of state law by the decisions of the state supreme courts).

The Court recognizes that there is a split among the district courts regarding whether a final disposition in the first-filed case is required for application of the claim a splitting defense.  One federal district court held:

> The penalty for claim splitting is "that an adjudication on the merits in the first suit is a bar to a second suit." *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo. 1991); *accord* [*Collins v. Burg*, 996 S.W.2d 512, 515 (Mo. Ct. App. 1999)]. Because the remedy presupposes a prior judgment on the merits, adjudication in the first lawsuit is an implicit element of the affirmative defense of claim splitting.

*Christenson v. Freeman Health Sys.*, 71 F. Supp. 3d 964, 969 (W.D. Mo. 2014).  However, as noted by a more recent decision from that district, any reliance on *King Gen. Contractors, Inc.* "is misplaced … [because] *King* held the plaintiff's claims were barred by *res judicata*, not improper claim splitting." *Kovach*, 519 F. Supp. 3d at 574.  That is, *King Gen. Contractors, Inc.* is not determinative regarding the requirements for the claim splitting defense under Missouri law because *King Gen. Contractors, Inc.* applied *res judicata*, a related but distinct defense.  *See Kovach*, 519 F. Supp. 3d at 574 ("Thus, although the *King* Court recognized that claim splitting was a species of *res judicata*, it did not consider or discuss whether a claim splitting defense

5

could bar a new lawsuit while a prior suit was still pending. Neither has any other Missouri Supreme Court case.").

As previously discussed, Cochrell filed her state court litigation based on violations of the MHRA, followed by this federal lawsuit alleging violations of Title VII.  Cochrell alleges in the federal lawsuit that her "discharge was a pretext against Plaintiff because of her race and in retaliation for Plaintiff previously complaining about Administrator Andrew's verbal harassment of Plaintiff on account of her race, and then filing a charge of discrimination regarding the verbal harassment and also retaliatory reduction in hours and compensation." (ECF No. 1, ¶ 19).  Thus, Cochrell's federal lawsuit alleges she was terminated based upon her prior complaints and claims that were the basis of the state court litigation.  Thus, the Court holds that Cochrell's claims in the state court litigation and this federal lawsuit arise out of the "same nucleus of operative facts."  *Hufsmith v. Weaver*, 817 F.2d 455, 461 (8th Cir. 1987); *see also Kovach*, 519 F. Supp. 3d at 575 ("Ms. Kovach's FMLA claims arise from the same transaction that underlies her MHRA claims. Specifically, Plaintiff alleges in both lawsuits that she was subjected to a series of discriminatory and retaliatory actions by MFA and its employees, culminating in her termination."). Both lawsuits relate to Cochrell's employment and her claims that she was retaliated against for complaining about alleged discrimination by her supervisor Andrew. Cochrell must prove in both lawsuits that Andrew discriminated against her, she complained about the discrimination, and that she was retaliated against for her complaints.  An opposite interpretation would allow Cochrell to split her cause of action and pursue multiple venues and forms of relief for the same underlying conduct.  *See Kovach*, 519 F. Supp. 3d at 574 (quoting *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. 2008) ("Only this outcome upholds the purpose of the claim splitting defense: to 'prevent a multiplicity of suits and appeals

6

with respect to a single cause of action' and 'to protect defendants against fragmented litigation, which is vexatious and costly.'")).

Moreover, the Court finds that Cochrell's naming of different entities as defendants does not change the result. Cochrell named MGM, the manager of the nursing home in the state lawsuit, and Bentwood, her employer, in the second, federal lawsuit. This difference does not alter the Court's decision because both lawsuits result out of the same alleged retaliatory and discriminatory actions. Even though the lawsuits name different entities, the Court holds that the second lawsuit still arises out of the same operative facts as are at issue in the state court litigation.

In sum, the Court dismisses Cochrell's federal lawsuit for claim splitting. Plaintiff improperly filed a federal lawsuit based upon the same underlying facts and claims as her previously-filed state court litigation.

Accordingly,

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) is **GRANTED**. Plaintiff's cause of action is **DISMISSED**. An appropriate Order of Dismissal is filed herewith.

Dated this 1st day of June, 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**